**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ricky CALLAHAN, Defendant— Appellant.**

No. 03–50449.

D.C. No. CR–03–00134–NMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2005.

Decided March 7, 2005.

———

Matthew Umhofer, USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

James H. Locklin, Dana Cephas, Asst. Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before HUG, THOMPSON, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Ricky Callahan appeals the district court's denial in part of his suppression motion. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we recite them only as necessary for this decision.

Callahan contends the police unconstitutionally seized him when they entered his video store to secure it while they obtained a search warrant. He claims the police lacked probable cause because they relied on an unreliable source, Callahan's ex-girlfriend Ms. Chance Shorty, and they corroborated only insignificant details of Shorty's story. We disagree.

Generally, for seizures to be valid under the Fourth Amendment, there must be probable cause. *Dunaway v. New York,* 442 U.S. 200, 210, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). Probable cause requires "a fair probability or substantial chance of criminal activity," determined "by looking at the totality of the circumstances known to the officers at the time." *United States v. Alaimalo,* 313 F.3d 1188, 1193 (9th Cir.2002) (internal quotations and citations omitted). Probable cause may be demonstrated "through the collective knowledge of police officers involved in an investigation, even if some of the information known to other officers is not communicated to the arresting officer." *United States v. Butler,* 74 F.3d 916, 921 (9th Cir.1996).

We conclude the police had probable cause. The informant, Shorty, who had provided reliable information on drug trafficking in the past, told the police she had personally seen drugs present in Callahan's store, and a drug sale there was expected that day. The police were aware Callahan had previously been convicted of a drug-related offense. The police confirmed details provided by Shorty. The police were also aware of an antagonistic

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

relationship between Shorty and Callahan. The police could reasonably interpret the existence of that relationship as providing the basis for her asserted knowledge, as well as a motive for reporting the information. Under the totality of the circumstances, there was a fair probability drugs would be found inside Callahan's video store.

■ Having probable cause, the police entered Callahan's store and seized him and its occupants while they sought a search warrant. Very shortly after the police entered, Callahan made a voluntary statement that he had a gun, and although that statement could not be used in the government's case in chief, it could be used to support an application for a search warrant. It was used in that fashion, the search warrant to search for drugs and firearms was obtained, and firearms (together with a small residue of drugs) were discovered in the store. Callahan then admitted, after being given a *Miranda* warning, that the firearms were his. He was convicted by a conditional guilty plea of being a felon in possession of a firearm, 18 U.S.C. § 922(g). We AFFIRM the district court's decision denying his motion to suppress the firearms that were found pursuant to the search warrant.

**AFFIRMED.**